IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM,** | )<br>)<br>) Case No. 1:12-cv-02816-JG<br>) |
| Plaintiff, | )<br>) **JUDGE JAMES GWIN** |
| v. | ) |
| **WEISS, et al.,** | )<br>) |
| Defendants. | ) **JURY TRIAL DEMANDED**<br>) |

**ANSWER OF THE WEISS DEFENDANTS
TO THE CLASS ACTION COMPLAINT**

For their answer to plaintiff's Class Action Complaint (the "Complaint"), defendants Elie Weiss, Gary Weiss, Jeffrey Weiss, Judith Weiss, Morry Weiss, and Zev Weiss (collectively, the "Individual Defendants" or the "Weiss Defendants") state as follows as to the allegations in the numbered paragraphs in the Complaint, and only to the extent the allegations are directed at them:

**First Defense**

1. The allegations set forth in paragraph 1 contain a mixture of self-serving characterizations and attorney argument encompassing more than a single set of alleged circumstances to which no response is required. To the extent response is required, admit and aver that Jeffrey Weiss is the President and Chief Operating Officer and that his brother, Zev Weiss, is the Chief Executive Officer of American Greetings Corporation ("American Greetings" or the "Company"), and that they delivered a letter (the "Expression of Interest") to the Company's board of directors (the "Board") on September 25, 2012. The Individual Defendants refer to the Expression of Interest for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 1.

1

2. Denied.

3. Denied.

4. Denied.

5. Plaintiff appears to characterize or paraphrase portions of the Company's 2012 Form 10-K filed with the SEC on April 30, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of the company's business operations, capital structure, and financial data. The Individual Defendants otherwise deny each and every allegation in paragraph 5.

6. Plaintiff appears to characterize or paraphrase portions of the Company's Amended and Restated Articles of Incorporation (the "Articles of Incorporation" or "Articles"), to which the Individual Defendants refer for a fair and accurate portrayal of its contents. To the extent plaintiff attempts to quantify the Weiss Defendants' holdings of Company stock, defendants refer to the Schedule 13D filed with the SEC on September 26, 2012 and to the Company's other SEC filings for a fair and accurate portrayal of the Weiss Defendants' ownership interest. The Individual Defendants otherwise deny each and every allegation in paragraph 6.

7. Plaintiff appears to characterize or paraphrase portions of the Expression of Interest; the Individual Defendants refer to that document for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 7.

8. The allegations set forth in paragraph 8 contain a mixture of self-serving characterizations and attorney argument encompassing more than a single set of alleged circumstances to which no response is required. To the extent response is required, admit and aver that the Company established a special committee (the "Special Committee") of four independent directors to consider, among other things, the Expression of Interest. Information

about directors' ownership of Company stock and professional affiliations are disclosed in the Company's annual proxy statements filed with the SEC, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 8.

9. Denied.

10. Denied.

11. Paragraph 11 sets forth a legal conclusion for which no response is required.

12. Denied.

13. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis deny them.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admit and aver that Judith Weiss is the wife of Morry Weiss, beneficially owns shares in the Company, and maintains a residence in Florida. Information about certain of the Weiss Defendants, including their ownership of American Greetings stock, can be found in the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of its contents.

19. Admit that defendants Elie, Gary, Jeffrey, and Zev Weiss are trustees of the Irving I. Stone Oversight Trust. Plaintiff appears to characterize or paraphrase portions of the Schedule 13D filed with the SEC on September 26, 2012; the Individual Defendants refer to the Schedule

3

13D for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 19.

20. Admit that defendants Elie, Gary, Jeffrey, Morry, and Zev Weiss are trustees of the Irving I. Stone Support Foundation. Plaintiff appears to characterize or paraphrase portions of the Schedule 13D filed with the SEC on September 26, 2012; the Individual Defendants refer to the Schedule 13D for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 20.

21. Admit that defendants Elie, Gary, Jeffrey, Morry, and Zev Weiss are trustees of the Irving I. Stone Foundation. Plaintiff appears to characterize or paraphrase portions of the Schedule 13D filed with the SEC on September 26, 2012; the Individual Defendants refer to the Schedule 13D for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 21.

22. Plaintiff appears to characterize or paraphrase portions of the Schedule 13D filed with the SEC on September 26, 2012; the Individual Defendants refer to the Schedule 13D for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 22.

23. The first sentence of paragraph 23 contains no factual allegations to which a response is required. As to the remainder of paragraph 23, the Individual Defendants deny each and every allegation therein.

24. Admit that the Company was founded by Jacob Sapirstein in 1906. Plaintiff appears to characterize or paraphrase portions of the Company's 2012 Form 10-K filed with the SEC; the Individual Defendants refer to the Form 10-K for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 24.

25. Plaintiff appears to characterize or paraphrase portions of the Company's 2012 Form 10-K filed with the SEC; the Individual Defendants refer to the Form 10-K for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 25.

26. Plaintiff appears to characterize or paraphrase portions of the Company's 2012 Form 10-K filed with the SEC; the Individual Defendants refer to the Form 10-K for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 26.

27. Plaintiff appears to characterize or paraphrase portions of the Company's 2012 Form 10-K filed with the SEC; the Individual Defendants refer to the Form 10-K for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 27.

28. Plaintiff appears to characterize or paraphrase portions of the Company's 2012 Form 10-K filed with the SEC; the Individual Defendants refer to the Form 10-K for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 28.

29. The allegations set forth in paragraph 29 contain a mixture of self-serving characterizations and attorney argument encompassing more than a single set of alleged circumstances to which no response is required. To the extent response is required, plaintiff appears to characterize or paraphrase portions of the Company's Articles of Incorporation; the Individual Defendants refer to the Articles for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 29.

30. Admit and aver that Jeffrey and Zev Weiss delivered the Expression of Interest to the Board on September 25, 2012, and refer to the Expression of Interest for a fair and accurate portrayal of its contents. The Individual Defendants otherwise deny each and every allegation in paragraph 30.

31.     The allegations set forth in paragraph 31 contain a mixture of self-serving characterizations and attorney argument encompassing more than a single set of alleged circumstances to which no response is required.  To the extent further response is required, admit and aver that American Greetings stock has previously traded above $17.18 per share, and otherwise deny each and every allegation set forth in paragraph 31.

32.     The allegations set forth in paragraph 32 contain a mixture of generalized assertions, self-serving characterizations, and attorney argument encompassing more than a single set of alleged circumstances to which no response is required.  To the extent response is required, the Individual Defendants admit and aver that the Company executed a contingent agreement with the City of Westlake concerning the location of its headquarters, which agreement speaks for itself.  The Individual Defendants otherwise deny each and every allegation in paragraph 32.

33.     Plaintiff appears to characterize or paraphrase the Schedules 13D filed by TowerView LLC and Dawson Investments LLC on October 3, 2012 and October 26, 2012, respectively; the Individual Defendants refer to those documents for a fair and accurate portrayal of their contents, and otherwise deny each and every allegation in paragraph 33.

34.     Denied.

35.     Admit and aver that the Company announced its intention to form the Special Committee on September 26, 2012, and that it announced the formation of the Special Committee on October 19, 2012.  The Individual Defendants otherwise deny each and every allegation in paragraph 35.

36.     Admit and aver that the Company announced the formation of the Special Committee on October 19, 2012.  Plaintiff appears to characterize or paraphrase the Company's

October 19, 2012 press release; the Individual Defendants refer to the press release for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 36.

37. Admit that the members of the Special Committee are Scott S. Cowen, William E. MacDonald, III, Michael J. Merriman, Jr., and Jeffrey D. Dunn.  Plaintiff appears to characterize or paraphrase the Articles of Incorporation; the Individual Defendants refer to the Articles for a fair and accurate portrayal of their contents, and otherwise deny each and every allegation in paragraph 37.

38. Denied.

39. Denied.

40. Admit and aver that Scott Cowen is a member of the Board and Chair of the Special Committee.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Scott Cowen's business and professional affiliations, and on that basis deny them.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding any business between Forest City and the Company, other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  Information about directors' ownership of Company stock is disclosed in the Company's annual proxy statements filed with the SEC, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 40.

41. Admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to

7

which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 41.

42. Admit and aver that William MacDonald, III is a member of the Board and Special Committee.  Further admit and aver that defendant Morry Weiss is a member of the Board of Directors of the Cleveland Clinic Foundation and that he served as a director of National City Corporation prior to its 2008 sale to The PNC Financial Services Group, Inc.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Mr. MacDonald, and on that basis deny them.  Admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 42.

43. Admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 43.

44. Admit and aver that Michael Merriman, Jr. is a member of the Board and Special Committee, and that the Company's 2009 SEC filings indicate that Mr. Merriman was not independent under the New York Stock Exchange standards for independence at that time because he had served as an executive officer of the Company within the prior three years.  Further admit and aver that the Company has, from time to time and pursuant to various

8

charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 44.

45. Admit and aver that Jeffrey Dunn is a member of the Board and Special Committee.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Mr. Dunn, and on that basis deny them.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about any services provided to the Company by HIT Entertainment Limited, other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 45.

46. Denied.

47. Admit that Charles Ratner is a member of the Board.  Information about the stock ownership of the Company's directors is disclosed in the Company's annual proxy statements filed with the SEC, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Charles Ratner, and on that basis deny them.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about any services provided to the Company by Forest City Enterprises, Inc. or its subsidiaries, other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate

portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 47.

48.    The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Charles Ratner, and on that basis deny them.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about any services provided to the Company by Forest City Enterprises, Inc., or other entities in which Mr. Ratner is involved, or about transactions with Schuman Fine Papers, other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 48.

49.    Admit and aver that Dr. Jerry Sue Thornton is a member of the Board.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Dr. Thornton, and on that basis deny them.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about any products or services provided to the Company by Applied Industrial Technologies, Inc., other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  Further admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 49.

50. Admit that plaintiff purports to bring this action individually and as a class action on behalf of certain Company shareholders, and otherwise deny each and every allegation in paragraph 50.

51. Admit and aver that there were 28,755,110 outstanding shares of the Company's Class A Common Stock as of October 1, 2012, and otherwise deny each and every allegation in paragraph 51.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. The Individual Defendants incorporate by reference their responses to paragraphs 1 through 57 as if restated in full.

59. Denied.

60. Admit and aver that the Company formed a Special Committee of four independent directors to consider, among other things, the Expression of Interest. Plaintiff appears to characterize and paraphrase portions of the Company's October 19, 2012 press release; the Individual Defendants refer to the press release for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 60.

61. Denied.

62. Denied.

63. Admitted.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Admit that plaintiff purports to seek declaratory relief. The Individual Defendants deny that plaintiff is entitled to such relief, and otherwise deny each and every allegation in paragraph 69.

70. Admit that plaintiff purports to seek declaratory relief. The Individual Defendants deny that plaintiff is entitled to such relief, and otherwise deny each and every allegation in paragraph 70.

71. Denied.

72. Denied.

73. Deny that plaintiff is entitled to the relief requested.

74. Except as expressly stated, the Individual Defendants deny each and every allegation in the Complaint, including any allegations in the Complaint's headings or the materials incorporated by reference.

## Second Defense

75. The Complaint fails in whole or in part to set forth a claim upon which relief can be granted.

## Third Defense

76. This Court lacks subject matter jurisdiction over plaintiff's claims.

### Fourth Defense

77. This Court should dismiss or stay plaintiff's actions under the *Colorado River* abstention doctrine in favor of parallel proceedings pending in the Cuyahoga County Court of Common Pleas.

### Fifth Defense

78. To the extent the action, or any portion of it, is derivative in nature, it is barred by plaintiff's failure to comply with the pleading requirements of Rule 23.1 of the Federal Rules of Civil Procedure, including plaintiff's failure to make a pre-suit demand on the Board.

### Sixth Defense

79. Plaintiff's claims are barred by the doctrine of ripeness.

### Seventh Defense

80. Plaintiff lacks standing to pursue its claims.

### Eighth Defense

81. The exclusive remedy for the injuries and damages claimed by plaintiff is statutory appraisal under Ohio Rev. Code § 1701.85.

### Ninth Defense

82. Plaintiff's claims are barred by the doctrines of laches, acquiescence, waiver, estoppel, and ratification.

### Tenth Defense

83. The Weiss Defendants specifically reserve the right to supplement this list of affirmative defenses following completion of discovery.

**WHEREFORE**, the Individual Defendants pray that all claims asserted against it in the Complaint be dismissed with prejudice at plaintiff's cost and that the Individual Defendants be awarded their costs herein, including attorneys' fees, and such other and further relief to which it may be entitled at law or in equity.

Dated: January 14, 2013                                        Respectfully submitted,


                                                               s/ Robert S. Faxon
                                                               Robert S. Faxon
                                                               (Ohio Bar Registration No. 0059678)
                                                               Email: rfaxon@jonesday.com
                                                               Adrienne Ferraro Mueller
                                                               (Ohio Bar Registration No. 0076332)
                                                               Email: afmueller@jonesday.com
                                                               Brett W. Bell
                                                               (Ohio Bar Registration No. 0089168)
                                                               Email: bbell@jonesday.com
                                                               JONES DAY
                                                               North Point
                                                               901 Lakeside Avenue
                                                               Cleveland, Ohio 44114-1190
                                                               Telephone:  (216) 586-3939
                                                               Facsimile:   (216) 579-0212

                                                               *Attorneys for the Weiss Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 14, 2013, a copy of the foregoing Answer of the Weiss Defendants to the Class Action Complaint was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

        s/ Adrienne Ferraro Mueller
        Adrienne Ferraro Mueller
        (Ohio Bar Registration No. 0076332)
        JONES DAY
        North Point
        901 Lakeside Avenue
        Cleveland, OH 44114-1190
        Telephone: (216) 586-3939
        Facsimile: (216) 579-0212
        E-mail: afmueller@jonesday.com

*One of the Attorneys for the Weiss Defendants.*

CL 2061193v2