UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
R. DAVID WOLFE,                               :
                                              :      CASE NO. 1:12-CV-2776
            Plaintiff,                        :
                                              :
vs.                                           :      OPINION & ORDER
                                              :      [Resolving Docs. 17, 19]
MORRY WEISS, *et al.*,                        :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------
                                              :
LOUISIANA MUNICIPAL POLICE                    :
EMPLOYEES' RETIREMENT SYSTEM,                 :
                                              :      CASE NO. 1:12-CV-2816
            Plaintiff,                        :
                                              :
vs.                                           :      OPINION & ORDER
                                              :      [Resolving Docs. 7, 8]
MORRY WEISS, *et al.*,                        :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs, R. David Wolfe and the Louisiana Municipal Police Employees' Retirement System ("LAMPERS") bring proposed class-action lawsuits against American Greetings Corporation ("American Greetings" or "the Corporation") and some of its shareholders seeking to prevent a proposed stock buy-out transaction where defendants would purchase the Corporation's outstanding shares, including those owned by Plaintiffs.[1] Defendants have moved to dismiss, *inter alia*, for lack of subject matter jurisdiction.[2] Because this Court agrees that it lacks subject matter jurisdiction to

---

[1] [Docs. 2776-1; 2816-1.]

[2] [Docs. 2776-17-1 at 7; 2776-19-1 at 1; 2816-8-1 at 1.]

-1-

Case No. 1:12-CV-2776; 1:12-CV-2816
Gwin, J.

hear this matter, the Court **GRANTS** Defendants' Motions to Dismiss and **DISMISSES** this lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

## I.

The Plaintiffs, shareholders of American Greetings, seek to bring shareholder class actions to enjoin American Greetings from completing a transaction where certain American Greetings shareholders who already own large amounts of equity interests will buy out those shares they do not already own for $17.18 per share.[3] Plaintiffs say this price is unfair because it does not reflect the Corporation's value, which they say is $19.00 to $20.00 per share.[4] To restrain the transaction they seek injunctive relief against any buy-out and declaratory relief regarding the requirements of the Corporation's Articles of Incorporation.[5]

Defendants move to dismiss, *inter alia*, for lack of subject matter jurisdiction. They say that the Class Action Fairness Act ("CAFA")[6], does not give this court jurisdiction over class-action lawsuits concerning the governance of the affairs of a corporation.[7] They also say that Plaintiffs fail to meet the amount in controversy requirements to invoke diversity jurisdiction.[8]

## II.

Generally, under CAFA, this Court has

---

[3] [Docs. 2776-1 at 2; 2816-1 at 2.]

[4] [Docs. 2776-1 at 2, 10; 2816-1 at 2, 8.]

[5] [Docs. 2776-1 at 25-27; 2816-1 at 18-19.]

[6] 28 U.S.C. § 1332(d).

[7] [Docs. 2776-17-1 at 6-9; 2776-19-1 at 6-9; 2816-8-1 at 6-9.]

[8] [Docs. 2776-19-1 at 10-13; 2816-8-1 at 10-13.]

Case No. 1:12-CV-2776; 1:12-CV-2816
Gwin, J.

> original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--**(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant; [and] **(B)** any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State.[9/]

Nonetheless, this grant of jurisdiction is not absolute, and CAFA

> shall not apply to any class action that solely involves a claim . . . that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized.[10/]

While "Congress did not define 'internal affairs,' . . . neither did it signal a departure from that term's ordinary meaning, which the Supreme Court restated in *Edgar* 'matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders.'"[11/]

Plaintiffs' Verified Complaints say that this Court has subject matter jurisdiction because "complete diversity exists between Plaintiff and each of the Defendants" and the amount in controversy "exceeds $5,000,000 exclusive of interests(s) and costs."[12/] The Court assumes arguendo that this is true and thus that Plaintiffs meet CAFA's baseline requirement.[13/]

Nonetheless, because the Complaints relate to the governance of the Corporation, CAFA's corporate governance exception divests this Court of jurisdiction under CAFA.

Both Complaints make two claims, one for breach of fiduciary duty against the Weiss family

---

[9/] 28 U.S.C. § 1332(d)(2).

[10/] 28 U.S.C. § 1332(d)(9).

[11/] *LaPlant v. Nw. Mut. Life Ins. Co.*, 701 F.3d 1137, 1139-40 (7th Cir. 2012) (quoting *Edgar v. Mite Corp.*, 457 U.S. 624, 645 (1982)).

[12/] [Doc. 2776-1 at 8; Doc. 2816-1 at 4.]

[13/] Codified at 28 U.S.C. § 1332(d)(2).

Case No. 1:12-CV-2776; 1:12-CV-2816
Gwin, J.

defendants, and one under the Corporation's Articles of Incorporation.[14] They seek declaratory relief including "[d]eclaring the meaning, interpretation and applicability of the Articles (of Incorporation) with respect to the Special Committee" considering the proposed stock transaction, and "[e]njoining Defendants from proceeding with the Proposed Transaction or any other acquisition negotiated between the Board and the Weiss family."[15] The Court finds that these allegations and this relief "relates to the internal affairs or governance of a corporation" within the meaning of CAFA.

Plaintiffs agree that American Greetings is organized under Ohio law, and that state law governs this action.[16] No party questions that Ohio law will govern this action.[17] Thus the Complaint "arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized." Accordingly, the Court cannot exercise jurisdiction under 28 U.S.C. § 1332(d).

### III.

Plaintiffs say that "although CAFA 'carved' out from federal jurisdiction certain class actions relating to securities, corporate governance and fiduciary duties under state law . . . this does not mean that such actions *must* be brought exclusively in state court."[18] This is true. In addition to CAFA, 28 U.S.C. § 1332(a) grants this Court "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

---

[14] [Docs. 2776-1 at 22-24; 2816-1 at 15-17.]

[15] [Docs. 2776-1 at 25; 2816-1 at 18.]

[16] [Docs. 2776-1 at 3, 24; 2816-1 at 3, 5]

[17] [Docs. 2776-38 at 33; 2776-17-1 at 14-15; 2816-23 at 33.]

[18] [Doc. 2776-38 at 14; 2816-23 at 14.]

Case No. 1:12-CV-2776; 1:12-CV-2816
Gwin, J.

between . . . citizens of different States." Plaintiffs say that this Court has jurisdiction over these actions because "complete diversity exists between Plaintiffs and each of the Defendants, and the amount in controversy exceeds $5,000,000 exclusive of interests and costs."[19] The Court rejects Plaintiffs' reasoning.

"[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed."[20] That is, the Court evaluates the amount in controversy 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect,'" and not the cost to the defendant.[21] Applied to "injunction actions, the amount in controversy is not the amount that the plaintiff might recover at law, but rather the value of the right to be protected or the extent of the injury to be prevented."[22] And in class actions, the value of the individual plaintiffs' claims cannot be aggregated to reach the jurisdictional threshold.[23]

Here Plaintiffs fail to satisfy the $75,000 amount in controversy threshold.[24] LAMPERS says that "the Weiss family [is] offering $17.18 per Class A share" in the proposed stock-buyout

---

[19] [Doc. 2776-38 at 16; 2816-23 at 16.]

[20] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

[21] *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

[22] *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970).

[23] *See Snyder v. Harris*, 394 U.S. 332, 336-37 (1969).

[24] The Court assumes without deciding that complete diversity exists between the parties. Of course, were this lawsuit ever to be certified as a class, it beggars belief that no Ohioan or Floridian would be a member of Plaintiffs' proposed class and thereby defeat complete diversity.

Case No. 1:12-CV-2776; 1:12-CV-2816
Gwin, J.

transaction, but "the Company's book value is estimated at roughly $20 per share."[25] Although it fails to say how much stock it owns in its complaint, LAMPERS later filed a declaration saying that it owns 8,800 shares.[26] LAMPERS's complaint says there is a $2.82 difference between the proposed price and the value of American Greetings shares. Multiplied by the number of shares LAMPERS says it owns, the Court finds the amount in controversy is allegedly $24,816. As this amount is well below diversity jurisdiction's $75,000, the Court finds, to a legal certainty, that the value of the injunctive relief that LAMPERS seeks does not satisfy the jurisdictional threshold of 28 U.S.C. § 1332(a).

Plaintiff Wolfe fairs no better. He also says that the proposed transaction would purchase his shares for $17.18. He says this offer price is "less than the company's book value of about $19 per share."[27] Like LAMPERS, Wolfe's Complaint fails to say how many shares of American Greetings he owns, but he subsequently filed a declaration saying he owns 5,000 shares.[28] According to Wolfe, the Defendants' offer is $1.82 less than the value of his shares. Multiplied by the 5,000 shares Wolfe says that he owns, the transaction would cheat Wolfe of approximately $9,100. Again, this is well below diversity jurisdiction's $75,000 amount-in-controversy requirement. Accordingly, the Court finds that the value of the injunctive relief that Plaintiff seeks is insufficient, to a legal certainty, to meet the jurisdictional requirements of 28 U.S.C. § 1332(a). The Court lacks subject matter jurisdiction to proceed.

**IV.**

---

[25] [Doc. 2816-1 at 8.]

[26] [Doc. 2816-23-6 at 2.]

[27] [Doc. 2776-1 at 10.]

[28] [Doc. 2776-38-5.]

Case No. 1:12-CV-2776; 1:12-CV-2816
Gwin, J.

For the foregoing reasons, the court **GRANTS** Defendants' Motions to Dismiss. The Court **DISMISSES** this lawsuit as to all defendants without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

IT IS SO ORDERED

Dated: February 14, 2013                     s/        *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE